IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | C.R. NO. M-08-4986M |
| JOSE DOMINGO GARZA-ESPINOZA aka GERONIMO GARCIA | § § § | |

**ORDER**

On Tuesday, August 12, 2008, a preliminary hearing and a detention hearing were held in this criminal action. Luis M. Singleterry represented defendant at these hearings after having filed a notice of appearance on that same day. (D.E. 5). A hearing was held and probable cause was found. The defendant waived his right to a detention hearing based on advice from counsel.

On Thursday, August 14, 2008, it was learned that on May 6, 2008, the Chief Judge Edith Jones issued an order in United States v. Pope, 07-40550 suspending Mr. Singleterry "from practicing in [the Fifth Circuit] for a period of one year from the date of this order." Chief Judge Jones further ordered that "[r]einstatement after that time will not be automatic, but will be permitted only on petition to the chief judge, with a showing that he can and will live up to the expectations of a member of the bar of this court."

Of course, the suspension order in United States v. Pope, 07-40550 had a history leading to it. On July 23, 2007, an order to show cause was issued regarding Mr. Singleterry's failure to order the transcript. On November 19, 2007, the Fifth Circuit issued another order to show cause addressing Mr. Singleterry's failure to file a brief on behalf of the appellant.

In response to this order to show cause, on December 18, 2007, Mr. Singleterry filed a letter to the Clerk of the Court for the Fifth Circuit. He explained that "[t]his appeal will be the

first appeal ever undertaken by undersigned counsel.  [He] was appointed to this appeal and has been struggling with the appellate process.  [He] has sought the advise [sic] of other attorneys who have handled appeals and will submit a brief and excerpts if allowed an extension of time to do so."

On January 11, 2008, the Fifth Circuit issued a second order to show cause addressing Mr. Singleterry's failure to file a brief on behalf of the appellant.  On April 8, 2008, Chief Judge Jones issued an order removing Mr. Singleterry as counsel of record in United States v. Pope, 07-40550.  She addressed that "he explained that this was his first appeal and that he was unfamiliar with the procedures, and that he had been under a doctor's care for several months.  He asked for additional time to complete the brief.  Even after the additional time he has not filed the brief."  Chief Judge Jones further ordered Mr. Singleterry to show cause why he should not be disciplined.  After he failed to respond, she issued her May 6, 2008 order.

On Friday, August 15, 2008, a hearing was conducted with defendant and Mr. Singleterry present regarding the Fifth Circuit's suspension.  Mr. Singleterry represented that he never received a copy of the order suspending him.  However, he mentioned that he received a letter from the Fifth Circuit indicating that it would be recommended he no longer handle appeals.

It is the Fifth Circuit Clerk of Court's practice to send orders to attorneys by regular, first class mail.  Mr. Singleterry indicated that he has not changed his mailing address.

Pursuant to Rule 3.A of this Court's Rules of Discipline, Mr. Singleterry should not have appeared in this Court: "A lawyer disciplined by another court in the United States shall promptly notify this court in writing and furnish to the clerk of the court a certified copy of the order of discipline.  A lawyer suspended or disbarred by another court in the United States shall

immediately cease to practice before this court." Rule 6 establishes the procedure for reinstatement. Moreover, Rule 6.A specifically notes that "[a] suspended or disbarred lawyer must apply to this court for reinstatement before resuming practice before this court. A lawyer who has been suspended may apply for reinstatement before or after the end of his term of suspension."

During the August 15, 2008 hearing, Mr. Singleterry was placed on notice that he was suspended from practicing before this Court. Moreover, it was explained that he had to notify the Court consistent with Rule 3.A. Mr. Singleterry indicated that he understood these points.

It was explained to defendant that Mr. Singleterry was currently suspended from practicing in this Court. Defendant was provided the option of petitioning for a court-appointed counsel, or seeking another retained attorney. He indicated that he would like to retain a new attorney with the assistance of his family. It was ordered that he be provided telephone access prior to leaving the courthouse so that he could make initial contact with his family regarding this matter.

Although Mr. Singleterry indicated that he did not receive the May 6, 2008 order suspending him, he did allude to the Fifth Circuit barring him from appearing in that court. Thus, he appears to have been on notice that he could be suspended and did not respond. Moreover, the Fifth Circuit had his current address so that he should have received the order suspending him. Even if Mr. Singleterry did not receive the order suspending him, he should have been aware that the Fifth Circuit was considering action against him in light of his failure to file a brief. Nonetheless, he did not seek information from the Fifth Circuit regarding his status in that court. Thus, it appears that Mr. Singleterry knew or should have known that he was

3

suspended. As a result, he also should have known that the Fifth Circuit's suspension barred him from practicing in this Court.

It is ORDERED that a copy of this order be mailed to Luis Singleterry by the Clerk of the Court.

ORDERED on this the 20th day of August 2008.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

4